Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

### MEMORANDUM **

Rafael Alejandro Abarca Mercado, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

We reject, as without merit, Mercado's argument that the IJ erred in finding him removable, where Mercado conceded the allegations and the charge that he did not have a valid entry document at the time he sought entry to the United States and does not dispute these concessions on appeal. *See* 8 U.S.C. § 1182(a)(7)(i)(I).

Substantial evidence supports the agency's determination that Mercado failed to demonstrate a nexus between the harm he suffered and fears and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (desire to be free from harassment by criminals motivated by theft or random violence by gang members has no nexus to a protected ground). Thus, in the absence of nexus to a protected ground, Mercado's asylum and withholding of removal claims fail. *See id.* at 1015-16.

Finally, substantial evidence supports the agency's denial of Mercado's CAT claim because he has not shown it is more likely than not he would be tortured by the government of Mexico or with its consent or acquiescence. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

### PETITION FOR REVIEW DENIED.

**Leroy MCFADDEN, Plaintiff-Appellant,**

v.

**Nancy A. BERRYHILL, Acting Commissioner of Social Security, Defendant-Appellee.**

**No. 16-35666**

United States Court of Appeals, Ninth Circuit.

Submitted February 9, 2018 *
Seattle, Washington

Filed February 22, 2018

Laurie Wallace, Attorney, Bothe & Lauridsen, P.C., Columbia Falls, MT, for Plaintiff-Appellant

Leif Johnson, Assistant U.S. Attorney, Office of the US Attorney, Billings, MT, David Burdett, Special Assistant U.S. At-

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

torney, Thomas M. Elsberry, Esquire, Special Assistant U.S. Attorney, SSA—Social Security Administration, Office of the General Counsel, Seattle, WA, for Defendant-Appellee

Before: M. SMITH and MURGUIA, Circuit Judges, and GORDON,** District Judge.

### MEMORANDUM ***

Leroy McFadden appeals from the district court's denial of his motion for summary judgment and affirmance of Acting Commissioner Berryhill's denial of disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review the district court's order *de novo. Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012). "An ALJ's disability determination should be upheld unless it contains legal error or is not supported by substantial evidence." *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). Legal errors are harmless if they do not alter the ALJ's final disability determination. *Molina,* 674 F.3d at 1115.

The ALJ improperly discounted the medical opinion of McFadden's treating physician, Dr. Vanichkachorn, leading the ALJ to miscalculate McFadden's RFC. However, this error is harmless. The vocational expert testified at Step 5 of the disability evaluation that even accounting for the additional limitations suggested by Dr. Vanichkachorn, work exists in the national economy that McFadden could perform. Therefore, the ALJ's errors did not change the ultimate non-disability determi-

nation. The ALJ did not otherwise err in his findings and determinations.

**AFFIRMED.**

---

** The Honorable Andrew P. Gordon, United States District Judge for the District of Nevada, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

